UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Carlos Garcia, A 38-505-829,

        Petitioner,

        -v-                          10-CV-246(MAT)
                                                 **ORDER**
Department of Homeland Security,

        Respondent.

_____

## I.   Introduction

*Pro se* petitioner Carlos Garcia ("Garcia" or "petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of New York on March 8, 2010, challenging his detention in Immigrations and Customs Enforcement ("ICE") custody at the Buffalo Detention Center. (Dkt. #1). The action was subsequently transferred to this Court on March 19, 2010. (Dkt. #4). Petitioner has also submitted motions for the appointment of counsel and for reconsideration and review of this Court's previous two Orders dismissing his petitions for habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. ##3, 6). As discussed below, petitioner is not entitled to the relief requested. The Court hereby denies the instant petition for habeas corpus, as well as petitioner's motions for reconsideration and appointment of counsel.

## II. Factual Background and Procedural History

The facts leading to petitioner's removal proceedings and lengthy procedural history surrounding this case were set forth in the Court's October 1, 2009 Decision and Order, familiarity with which is presumed and thus need not be repeated in their entirety here. See Garcia v. Heron, No. 09-CV-416, 2009 WL 3231924, *1-*2 (W.D.N.Y. Oct. 1, 2009).

Garcia previously filed two § 2241 petitions in the Western District, both of which were denied on the merits. See Garcia v. U.S. Dept. of Homeland Security, 657 F.Supp.2d 403, 407-409 (W.D.N.Y.) (challenging final order of removal based on derivative citizenship); Garcia v. Heron, No. 09-CV-416, 2009 WL 3231924 (W.D.N.Y. Oct. 1, 2009) (seeking release from continued detention pending an order of removal).

Petitioner again submits to this Court that he is a derivative citizen of the United States based upon his father's naturalization and therefore the government lacks the power to remove him. Petition ("Pet.") at 1, 2-14. He also challenges his detention in ICE custody, asserting that as a result of his detention, his substantive, procedural, and administrative due process rights have been violated. Id. As stated above, petitioner's claims have already been denied twice on the merits by this Court in response to two separate § 2241 petitions for habeas corpus.

**III. Discussion**

    **A.    Summary Dismissal of the Petition Under Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in part, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See also Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'", quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); see also Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (district court may apply any or all of these rules to habeas petitions not filed under 28 U.S.C. § 2254).

This is Garcia's third attempt at litigating his claims by way of a petition for writ of habeas corpus. His filing of the instant petition in the Northern District of New York in order to obtain a more favorable result is disingenuous. Petitioner's contentions have been entertained by this Court, and written opinions explaining the rejection of those contentions have been issued. Given the repetitious nature of the current application, and

because "it plainly appears from the petition that the petitioner is not entitled to relief," the instant petition is dismissed. See U.S. ex rel. John v. People of the State of N.Y., 868 F.Supp.74, 76 (1994).

**B.   Motions to Reconsider and for Appointment of Counsel**

Insofar as Garcia has attempted to file a motion to reconsider[1] this Court's previous orders denying habeas relief, his request does not meet the requirements of Fed.R.Civ.P. 60(b)[2]. See Mot. for Reconsideration. (Dkt. #6).  Although Garcia claims that he is entitled to reconsideration based on "new evidence", he has not substantiated this allegation nor has he attached any exhibits to support his claim.  Petitioner is simply re-arguing his status as a removable alien and his continued detention, and in doing so, presents the same arguments that this Court has already twice considered and rejected. Accordingly, relief under Rule 60(b) is not warranted and petitioner's motion is denied.

---

[1] Because Garcia proceeds *pro se*, the Court reviews his pleadings and filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[2] Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. The Second Circuit has instructed that the Rule 60(b) standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked ... that might be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Stated another way, Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

Petitioner's motion to appoint counsel, (Dkt. #3), is also denied, as Garcia has failed to demonstrate sufficient merit for the appointment of counsel. See, e.g., Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir. 1994).

**IV. Conclusion**

Garcia's petition for habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); see, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445, (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   April 21, 2010
         Rochester, New York